This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40293

**JONATHAN SANCHEZ,**

Petitioner-Appellee,

v.

**JOCELYNNE MARQUEZ,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Allen R. Smith, District Court Judge**

Batley Family Law
L. Helen Bennett
Albuquerque, NM

for Appellee

Roybal-Mack Law, P.C.
Antonia Roybal-Mack
Dynette C. Palomares
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** The opinion filed on November 8, 2023 is hereby withdrawn, and this opinion is substituted in its place, following Respondent-Appellant's timely motion for rehearing, which this Court has denied. Mother Jocelynne Marquez appeals the district court's order adopting the hearing officer's child support modification report. Mother argues that the district court (1) abused its discretion in adopting the hearing officer's child support award; (2) erred in awarding Father Jonathan Sanchez child support credit for money

voluntarily provided for Child's school tuition; and (3) violated Rule 1-053.2(H)(1)(b) NMRA (2017)[1] by failing to specifically address Mother's objections. We agree with Mother's first argument, decline to review the second, and disagree with the third. Accordingly, we reverse and remand in part and affirm in part.

**{2}**     Because this nonprecedential memorandum opinion is issued solely for the benefit of the parties, we presume they are familiar with the facts and procedural history of this case, and we do not provide a general background.

**DISCUSSION**

**I.     The District Court Abused its Discretion in Adopting the Child Support Award Recommended by the Hearing Officer**

**{3}**     Mother raises two issues concerning the child support award adopted by the district court: (1) the hearing officer misapprehended the law in imputing Valencia County minimum wage to Father and (2) the hearing officer incorrectly applied a downward deviation by reducing the award 50 percent. Mother argues that the district court erred in its calculation of Father's income because the evidence presented does not justify an imputation of minimum wage. We agree. The district court's imputation of minimum wage was in error, and therefore its decision to deviate the award was premised on the inappropriately imputed minimum wage and must be reconsidered by the district court.

**{4}**     "The setting of child support is left to the sound discretion of the [district] court as long as that discretion is exercised in accordance with the child support guidelines." *Quintana v. Eddins*, 2002-NMCA-008, ¶ 9, 131 N.M. 435, 38 P.3d 203. "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450 (alteration, internal quotation marks, and citations omitted).

**{5}**     The district court abused its discretion in adopting a child support award recommendation that was premised on a misapprehension of the law. *See id.*; *see also* NMSA 1978, § 40-4B-8(D)(1) (1993) (directing courts to set aside the hearing officer's decision if the court finds that the hearing officer abused its discretion). In its report, the hearing officer highlights that Father's unreliable income made the "child support calculations in this matter difficult." Deviation from the child support guidelines, however, is not authorized with respect to the calculations of the parties' incomes. *See Jury v. Jury*, 2017-NMCA-036, ¶ 29, 392 P.3d 242. The child support guidelines define income as "potential income if [parent is] unemployed." Section 40-4-11.1(C)(1). Here, the parties do not challenge the finding that Father was unemployed during the relevant period. Furthermore, evidence was available regarding Father's potential income.

---

[1]Our Supreme Court amended the rule in 2022. Hereinafter, all references to Rule 1-053 in this opinion are to the 2017 version of the rule.

Accordingly, the district court abused its discretion by failing to use Father's potential income in the child support determination.

**{8}** Next, Mother argues that the district court abused its discretion in adopting the downward deviation by the hearing officer that reduced the child support award by 50 percent. Specifically, Mother contends that there is no substantive evidence to support the hearing officer's findings of hardship that led to the downward deviation. We must note that the hearing officer's decision to reduce the amount of the child support award was premised on the calculation that the total child support amount approximates 40 percent of Father's total income. As discussed above, the hearing officer inappropriately imputed minimum wage to Father. Accordingly, the determination that the child support award approximates 40 percent of Father's income is affected once the court imputes income equal to Father's income potential.

**{9}** We note that income-percentage was one of the three reasons that the hearing officer decided to downward deviate the child support award. Deviation from the child support guideline amounts is allowed, but "shall be supported by a written finding in the decree, judgment or order of child support that application of the guidelines would be unjust or inappropriate." NMSA 1978, § 40-4-11.2 (1989, amended 2021). Because we have determined that the district court abused its discretion in adopting one of the three reasons for downward deviation, we remand to the district court for reconsideration of whether the remaining two reasons are sufficient to justify the deviation from the guidelines or a different deviation based on the correct income and circumstances. *See id.*

## II. Mother Failed to Preserve Her Argument That the District Court Erred in Crediting Father With Amount Paid From January to May 2021

**{10}** Mother argues that the district court erred in crediting Father the amount he voluntarily paid from January to May 2021. Specifically, Mother contends that Father was not entitled to credit on the child support payment because the money was made as a gift for Child's tuition. We do not address this issue on appeal, however, because Mother does not specify where in the record she objected and preserved the issue for review. *See* Rule 12-318(A)(4) NMRA ("The brief in chief of the appellant . . . shall contain . . . a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on."). Rather, the preservation record citations provided by Mother lead to different issues raised.

**{11}** The first preservation citation Mother provides is her objection to the hearing officer's report, where Mother objects to the calculation of arrears. Mother's arrears objection, however, is not based on the payments being a gift to Child, as she now argues on appeal. Rather, Mother claims that Father did not make any payments for May and June 2021, and therefore the delinquency amount should be increased. Mother's second citation references a portion of the October 21, 2021 hearing, where Mother's counsel asks the court to require Father to disclose financial documents to

Child's school. Neither of these two record citations preserved the specific issue developed on appeal. Accordingly, it does not appear that Mother fairly invoked a ruling of the district court on the same grounds argued on appeal. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688. Consequently, because Mother fails to specifically point out where in the record she invoked the court's rulings in the issue and there is no obvious preservation, we do not consider the issue. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273.

### III. The District Court Did Not Violate Rule 1-053.2(H)(1)(b)

**{12}** Mother argues that the district court violated Rule 1-053.2(H)(1)(b) in adopting the hearing officer's report without providing her an "opportunity to address the merits of her objection to the hearing officer's report's failure to address the need to require Father to comply with . . . [C]hild's private school financial assistance and disclosure process." Father responds that the district court afforded Mother the opportunity to "make her case," heard the presentation of the parties, and held that Mother failed to meet her burden of persuasion. We agree with Father and explain.

**{13}** We review the setting of child support orders for an abuse of discretion. *See Quintana*, 2002-NMCA-008, ¶ 9. "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo." *N.M. Right to Choose/NARAL*, 1999-NMSC-028, ¶ 7 (internal quotation marks and citation omitted). Before the 2022 amendment, Rule 1-053.2(H)(1)(b) required that "[i]f the party files timely, specific objections to the [hearing officer's] recommendations, the district court judge shall conduct a hearing appropriate and sufficient to resolve the objections." Furthermore, "the record of the hearing held before the district court must [have] demonstrate[d] that the court in fact considered the objections and established the basis for the court's decision." *Buffington v. McGorty*, 2004-NMCA-092, ¶ 31, 136 N.M. 226, 96 P.3d 787.

**{14}** In this case, Mother properly filed three objections to the hearing officer's report, including that the hearing officer did not address or require Father's "timely compliance with Academy's financial application and process as requested and necessary in this matter." Based on the objections, the district court held two hearings on the issues, providing an opportunity for the parties to present their arguments and ultimately adopted the hearing officer's full report. In its oral ruling, the district court explained that Mother had failed to demonstrate that Father caused the loss of Child's scholarship and therefore no financial requirements regarding Child's schooling would be imposed on Father. Furthermore, the hearing officer's report included a recommendation for a review of child support once the school year started to consider any changes in the financial situation of the parties or necessities of Child. Taken together, these actions by the district court establish and explain the basis for the court's decision to not impose disclosure requirements on Father. *See id.*

### CONCLUSION

**{15}** For the foregoing reasons, we reverse for reconsideration in part and affirm in part.

**{16}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**